UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RALPH WORLEY, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-07-1923 |
| § | |
| CHARLES WILLIAMS, RAYMOND SKINNER, § | |
| TERRY STIBAL, JOE REINA, & JOHN MILES, § | |
| § | |
| *Defendants*. § | |

### ORDER

Pending before the court is defendants' motion to dismiss plaintiff's claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue (1) the application of *res judicata* to the claim, (2) the named defendants were acting within the scope of their employment, (3) plaintiff failed to exhaust administrative remedies, and (4) plaintiff's claim is barred by sovereign immunity. Upon consideration of the pleadings, defendants' motion, and the applicable law, the motion is GRANTED.

### I. BACKGROUND

On May 9, 2007, *pro se* plaintiff, Ralph N. Worley, filed suit against John Miles, Joe Reina, Raymond Skinner, Terry Stibal, and Charles Williams ("defendants") in Harris County District Court. Dkt. 1, Ex. A. Defendants are or were employed by federal agencies, the Department of Labor's Office of the Inspector General, and the Department of Labor's Occupational Safety and Health Administration. Dkt 4. The case was removed to the Southern District of Texas on June 8, 2007. Dkt. 1. In his complaint, Worley alleges that the Defendants "refus[ed] to provide a safe and healthful working environment with safe equipment [whereby] caus[ing] injuries and physical

[injury] and pain and suffering . . . and financial damage" to Worley. Dkt. 1, Ex. A. Additionally, Worley claims that the Defendants "wrote false and malicious documents" regarding Worley and his injuries. *Id.* Worley's complaint indicates that the actions giving rise to the suit occurred between 1999 and July 24, 2000. Dkt. 1, Ex. A.

Defendants maintain that they were acting within the scope of employment and thus the claims are barred by sovereign immunity.[1] Dkt. 4. This is the fourth time that this claim has been filed in a state district court and removed to the Southern District of Texas. Defendants also argue that Worley's claim is barred by the doctrine of *res judicata*. Dkt. 4.

First, on August 6, 2002, Worley filed suit in case number 02-CV-125517 in Fort Bend County District Court against Monty Cole, Russ Elveston, Eugene Freeman, Bevel Hart, Douglas Harrison, Jr., John Miles, Rick Perry, Joe Reina, Raymond Skinner, Terry Stibal, and Charles Williams ("2002 Defendants"). H-02-3399, Dkt. 1, Ex. A. In that case, Worley claimed that the 2002 Defendants "wrote false and malicious documents" that caused Worley to suffer financial losses. *Id.* On September 9, 2002, the case was removed to the Southern District of Texas and assigned to Judge Rainey as cause number H-02-3399. *Id.* Judge Rainey dismissed the claim, finding that the 2002 Defendants were acting within the scope of employment, that Worley failed to exhaust administrative remedies, and that Worley could not sue the United States for libel or slander.[2]

Worley filed a second lawsuit, cause number 04-CV-137920, on August 17, 2004, in Fort

---

[1] In prior related cases, a certification was provided by the U.S. Attorney verifying that the Defendants were acting within the scope of their employment.

[2] The United States was substituted for the named defendants because they were federal employees acting within the scope of their employment.

2

Bend County District Court. H-04-2629, Dkt. 8.  Worley named similar defendants: Monty Cole, Russ Elveston, Eugene Freeman, Bevel Hart, John Henshaw, Douglas Harrison, John Miles, Rick Perry, Joe Reina, Raymond Skinner, Terry Stibal, Charles Williams, and the United States Department of Labor Occupational Safety and Health Administration ("2004 Defendants").  *Id.*  Once again, Worley's claims arose from tort and included allegations such as personal character assassination and invasion of privacy that began in "approx[imately] 1999 and continue[d] to [the] present date."  *Id.*  The case was removed to the Southern District of Texas and assigned to Judge Gilmore on July 7, 2004, as cause number H-04-2629.  Judge Gilmore dismissed Worley's second lawsuit because the 2004 Defendants had sovereign immunity and the Federal Tort Claims Act barred tort claims against federal employees acting within the scope of their employment.  Further, the court noted that Worley failed to exhaust his administrative claims.  H-04-2629, Dkt. 18.

On May 9, 2007, roughly ten minutes before the complaint in the case now pending before this court was filed, Worley filed yet another complaint against several of the previously named 2002 and 2004 Defendants.  Worley filed cause number 2007-28757 in the 234th Judicial District Court of Harris County against various offices of the United States Department of Labor Occupational Safety and Health Administration and also named: Mark Briggs, Russ Elveston, John Lawson, Joe Reina, Terry Stibal, and Charles Williams (collectively with the offices, the "2007 Defendants"). H-07-1924, Dkt. 1, Ex. A.  Worley asserted claims of unfair competition, possibly tortious interference, and again alleged distribution and publication of injurious documents.  *Id.*  This case was also removed to the Southern District of Texas and assigned to Judge Atlas on June 8, 2007. H-07-1924, Dkt. 1.  On the defendants' motion to dismiss, Judge Atlas found that *res judicata* did not bar Worley's claim because the two previous dismissals, by Judges Rainey and Gilmore, were

based "on jurisdictional grounds and not on the merits." H-07-1924, Dkt. 10. Cognizant of Worley's status as a *pro se* plaintiff, Judge Altas construed Worley's complaint under a "less stringent standard," giving "liberal construction" and drawing "all reasonable inferences in [Worley's] favor."[3] *Id.* Ultimately, Judge Atlas dismissed the claim against OSHA, finding that no provision of the Occupational Safety and Health Act of 1970 provided "relief for claims that the agency, in doing its job, creates unfair competition with members of the public who seek to perform the same functions privately."[4] *Id.* Judge Atlas echoed the findings of both Judge Rainey and Judge Gilmore, stating that the Federal Tort Claims Act prevented Worley from bringing suit arising in tort against federal employees acting within the scope of their employment and also that Worley failed to exhaust the available administrative remedies. *Id.* Importantly, the court also recognized in its final footnote that, as a "practical matter," Worley's knowledge of the events that give rise to his claims dates back to a point that would likely time-bar the claims. *Id.*

## II. ANALYSIS

For the fourth time, Worley has filed and the government has removed a claim involving the same parties and similar, if not identical, allegations to those presented in prior complaints.[5] Once again, Worley alleges that false or libelous documents were published that caused him harm.

---

[3] Although applying the heightened pleading requirements of *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955 (2007), the court recognized the need to modify the standard per Worley's *pro se* status.

[4] Judge Atlas noted that although Worley purported to bring the claim on behalf of other similarly situated individuals, as a *pro se* plaintiff, Worley is not permitted by law to represent other parties.

[5] John Miles and Raymond Skinner were named in H-02-3399 and H-04-2629. Joe Reina, Terry Stibal, and Charles Williams were named in H-02-3399, H-04-2629, and H-07-1924.

Apparently for the first time, Worley also alleges physical injury resulting from the conduct of the defendants. Worley, however, continues to plead that the actions took place between 1999 and July 24, 2000. Dkt. 1, Ex. A.

### A. *Res Judicata* and Subject Matter Jurisdiction for Tort Claims

The most recent memorandum order issued by Judge Atlas, as previously discussed, contains a thorough and well-reasoned analysis of the *res judicata* and jurisdictional arguments. H-07-1924, Dkt. 10. Therefore, the court adopts Judge Atlas's reasoning in its entirety. The court finds that the claim is not barred by *res judicata* because prior decisions did not reach the merits of the claim. However, the court finds that Worley's tort-based claims are barred by sovereign immunity, as the defendants were federal employees acting within the scope of their employment. Morever, sovereign immunity has not been waived, per the Federal Tort Claims Act, due in part to Worley's failure to exhaust administrative procedures.

### B. Subject Matter Jurisdiction for Personal Injury

Worley's new claim for physical injury also fails. Generally, the federal government is immune from liability arising from the conduct of federal employees acting within the scope of their employment.[6] However, the Federal Tort Claim Act, 28 U.S.C. § 2671 *et. seq.*, waives immunity in suits for personal injuries under certain limited circumstances. *See Bodin v. Vagshenian*, 462 F.3d

---

[6] 28 U.S.C. § 2679. Moreover, when the appropriate authority certifies that the federal employees are acting within the scope of their employment, the individual defendants are dismissed and the United States is substituted as the defendant. *Rodriguez v. Sarabyn*, 129 F.3d 760, 764 (5th Cir. 1997).

481, 492 (5th Cir. 2006); *see also Sharp v. Secretary of Veteran's Affairs*, No. H-06-1365, 2007 WL 624340, at *2 (S.D. Tex. Feb. 22, 2007). As a prerequisite to the wavier, the plaintiff must present his or her claim to the appropriate federal agency. 28 U.S.C. § 2675; *Izen v. Catalina,* 398 F.3d 363, 367 (5th Cir.2005); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) ("'[A]n action shall not be instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months."). This "exhaustion requirement" is jurisdictional and cannot be waived. *Price*, 69 F.3d at 54; *see also Frantz v. United States,* 29 F.3d 222, 224 (5th Cir.1994); *Seals v. United States,* 319 F. Supp.2d 741, 743 (W.D. Tex.2004). In the present case, Worley does not purport to have filed a claim with the appropriate government agency. Dkt. 1, Ex. A; *see also* Dkt. 4. Because the opinions issued by Judges Gilmore and Atlas clearly discussed this requirement, Worley was on notice of the need to comply with the statutory prerequisite in order to proceed with his claim in federal court. Absent compliance with the exhaustion requirement, this court lacks jurisdiction over Worley's personal injury claim.

### C. Occupational Health and Safety Violations

Worley also alleges that Defendants' failure to "provide a safe and healthful working environment with safe equipment caused [him to suffer physical] injuries." Dkt. 1, Ex. A. To the extent that Worley attempts to couch these acts as violations of the Occupational Safety and Health Act, that claim must also fail. The Occupational Safety and Health Act does not provide a cause of action for private plaintiffs. Instead, the Occupational Safety and Health Act "provides for a full range of enforcement procedures *to be used by the Secretary of Labor* to effectuate the goals of the Act." *Fawvor v. Texaco, Inc.*, 387 F. Supp. 626, 629 (E.D. Tex. 1975) (emphasis added) (noting the

power to issue citations, assess penalties, and seek injunctions). "The Act simply does not create, either directly or impliedly, a private civil remedy for damages. This is true whether the employee is suing his employer or some third party." *Id.* To the extent that Worley relies upon the Occupational Safety and Health Act to create a cause of action, his claim fails.

### D. Repetitive Filings

Under Federal Rule of Civil Procedure 11, courts are, on their own initiative or by motion of an opposing party, authorized to sanction both attorneys *and unrepresented parties* who sign, file, submit, or later advocate positions for improper purposes (such as harassment) or who present frivolous claims. FED. R. CIV. P. 11. The present case is the fourth in a series of repetitive complaints that Worley has filed against the same defendants, alleging similar causes of action and circumstances in each. Although Worley files each time in state court, the government removes each case to federal court. Worley is hereby given notice that should he file another case involving the same or substantially similar facts and defendants, occurring within the same time period, and alleging the same or similar causes of action, and that case comes before the Southern District of Texas, either by original filing or through removal, it will be considered frivolous and sanctions will issue. Such sanctions can include monetary fines and payment of attorneys fees and expenses. *See* FED. R. CIV. P. 11.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss.  It is therefore ORDERED that all of Worley's claims are DISMISSED without prejudice for lack of subject matter jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on November 21, 2007.

_____
Gray H. Miller
United States District Judge